NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0002894**
**27-JAN-2015**
**07:46 AM**

NO. CAAP-13-0002894

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
JAYSON AULD, Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 12-1-0690(3))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Jayson Auld (Auld) appeals from a "Judgment Conviction and Sentence" (Judgment) filed on August 1, 2013, in the Circuit Court of Second Circuit[1] (circuit court). Judgment was entered against Auld for Robbery in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(a) (2014).[2]  Auld was sentenced to ten (10) years imprisonment, and, pursuant to the circuit court's order granting

---

[1]  The Honorable Joseph E. Cardoza presided.

[2]  HRS § 708-841 provides in pertinent part:

> **§708-841 Robbery in the second degree.** (1) A person commits the offense of robbery in the second degree if, in the course of committing theft or non-consensual taking of a motor vehicle:
>
> (a)  The person uses force against the person of anyone present with the intent to overcome that person's physical resistance or physical power of resistance[.]
>
> (2) Robbery in the second degree is a class B felony.

Plaintiff-Appellee State of Hawaii's (State) motion for imposition of a mandatory minimum period of imprisonment, Auld must serve a minimum of six (6) years and eight (8) months under HRS § 706-606.5(1)(b)(iii) (2014)[3] as a repeat offender.

Auld contends the circuit court (1) violated his constitutional rights by granting the State's motion for a mandatory minimum term of imprisonment, (2) improperly admitted hearsay, and (3) failed to admonish the State for making an argument during its opening statement.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Auld's points of error as follows and affirm.

Auld did not raise his constitutional argument before the circuit court and did not object to the other alleged errors during trial. His arguments on appeal are thus based on alleged plain error by the circuit court. See HRS § 641-2 (Supp. 2014); HRS § 641-16 (1993); State v. Nichols, 111 Hawai'i 327, 334, 141 P.3d 974, 981 (2006).

Hawai'i Rules of Penal Procedure Rule 52(b) states that "[p]lain errors or defects affecting substantial rights may be

---

[3] HRS § 706-606.5(1)(b)(iii) provides in pertinent part

§706-606.5 Sentencing of repeat offenders.
(1) Nothwithstanding section 706-669 and any other law to the contrary, any person convicted of murder in the second degree, any class A felony, any class B felony, or any of the following class C felonies[,] . . . and who has a prior conviction or prior convictions for the following felonies . . . , shall be sentenced to a mandatory minimum period of imprisonment without possibility of parole during such period as follows:

. . . .

(b) Two prior felony convictions:

. . . .

(iii) Where the instant conviction is for a class B felony - six years, eight months[.]

2

noticed although they were not brought to the attention of the court." Therefore, an appellate court "may recognize plain error when the error committed affects substantial rights of the defendant." State v. Staley, 91 Hawai'i 275, 282, 982 P.2d 904, 911 (1999) (citation and internal quotation mark omitted).

The appellate court "will apply the plain error standard of review to correct errors which seriously affect the fairness, integrity, or public reputation of judicial proceedings, to serve the ends of justice, and to prevent the denial of fundamental rights[.]" Nichols, 111 Hawai'i at 334, 141 P.3d at 981 (quoting State v. Sawyer, 88 Hawai'i 325, 330, 966 P.2d 637, 642 (1998)) (block quote format omitted). An appellate court's "power to deal with plain error is one to be exercised sparingly and with caution because the plain error rule represents a departure from a presupposition of the adversary system--that a party must look to his or her counsel for protection and bear the cost of counsel's mistakes." Nichols, 111 Hawai'i at 335, 141 P.3d at 982 (quoting State v. Kelekolio, 74 Haw. 479, 515, 849 P.2d 58, 74-75 (1993)) (block quote format omitted).

**1. Sentence** The circuit court did not err in its imposition of a mandatory minimum sentence. Auld contends his federal and state constitutional rights to a trial by jury and due process were violated.

Auld contends that under Alleyne v. United States, __ U.S. __, 133 S.Ct. 2151 (2013), "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." Id. at __, 133 S.Ct. at 2155. However, the Alleyne court expressly noted that its decision did not disturb its earlier holding in Almendarez-Torres v. United States, 523 U.S. 224, 246-47 (1998), that a prior conviction is not an element of a crime, and does not have to be proven to a jury beyond a reasonable doubt. __ U.S. at __, 133 S.Ct. at 2160 n.1; see Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("*Other than the fact of a prior conviction, any fact that increases the penalty for a*

3

crime . . . must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)); United States v. Harris, 741 F.3d 1245, 1249-50 (11th Cir. 2014) (noting the continued vitality of Almendarez-Torres). Further, the Hawai'i Supreme Court has expressly recognized an exception for prior convictions from the requirement that a sentence enhancement must be proven beyond a reasonable doubt to the trier of fact. State v. Maugaotega, 115 Hawai'i 432, 446-47 & n.15, 168 P.3d 562, 576-77 & n.15 (2007) ("The United States Supreme Court has always exempted prior convictions from the Apprendi rule[.] . . . The Court bases the exception on the fact that prior convictions have themselves been subject to the sixth amendment right to a jury trial and the accompanying requirement of proof beyond a reasonable doubt."); State v. Keohokapu, 127 Hawai'i 91, 108, 276 P.3d 660, 677 (2012). Thus, Auld's argument under Alleyne is without merit.

Auld also contends that his due process rights have been violated. However, in State v. Jess, 117 Hawai'i 381, 184 P.3d 133 (2008), the Hawai'i Supreme Court cited favorably to the federal standard that prior convictions are an exception to the mandate to include sentence enhancements in the charging instrument. Id. at 397-98, 184 P.3d at 149-50. We note that in State v. Freitas, 61 Haw. 262, 602 P.2d 914 (1979), the Hawai'i Supreme Court expressly noted that "[w]hile due process does not require that notice be given prior to the trial of the underlying offense, it does require that a defendant to be sentenced under [HRS § 706-606.5] be given reasonable notice and afforded the opportunity to be heard." Id. at 277, 602 P.2d at 925. Here, Auld filed an opposition to the State's motion for imposition of the mandatory minimum, was represented by counsel who presented argument at the hearing on the State's motion, and did not object to the circuit court's reception into evidence of the sealed and certified judgments from Auld's two prior felony convictions and judicial notice of the records in both prior convictions. Thus, Auld's due process rights were not violated.

4

**2.  Hearsay**  Auld contends the following testimony from the complaining witness (CW) was hearsay:

> Then one of the owners told me, "That's my pool stick. Where did you get that?"
> He told me, "You stole my pool stick."

The circuit court did not commit plain error by failing to *sua sponte* strike this testimony.

It does not appear this testimony was admitted for the truth of the matter asserted.  The CW's testimony was proffered in response to the State's inquiry about whether he took possession of the stick upon the sale.  Further, the testimony only explains why the CW no longer had possession of the stick and did not want to pay the remainder of the purchase price to Auld.  Lastly, we note that Auld himself testified that the CW did not want to pay him because the CW thought the stick was stolen.[4]

Even assuming the statement was hearsay, there is no error, let alone plain error, because when there is no objection to the testimony, it's unclear if there were reasons for defense counsel not to object.  See State v. Fields, 120 Hawai'i 73, 92-93, 201 P.3d 586, 605-06 (App. 2005), *aff'd on other grounds* 115 Hawai'i 503, 168 P.3d 955 (2007).

Thus, Auld's hearsay argument lacks merit.

**3.  Opening Statement**  The circuit court did not plainly err in failing to admonish the State for improper opening remarks.  Auld contends the State's first words were improper: "This case is about the young and strong taking advantage of the

---

[4]  Auld testified in pertinent part that

> We pulled up and I got out and started talking to [the CW]. He hand me--I ask for my money. He hand me $30. I count them and never have the other ten.
> So I told him, "Where's the rest of the money?"
> He said, "I'm not going to pay anymore because the pool stick was stolen."
> I told him, "We had an agreement. You got a pay." And then we kept talking, kept talking.
> Then he pushed me in a manner that I never thought he never had the right to do. You know what I mean?

weaker and the older. It's about the young and the strong overpowering the weaker and the stronger [sic]." This was the only time the State made this assertion, and Auld did not object to this statement at trial. On appeal, Auld argues that this argument amounts to prosecutorial misconduct due to the integral place that opening statements hold in a trial.

Because Auld did not object to the State's opening comment, "we must determine whether the prosecutor's comment was improper and, if so, whether such misconduct constituted plain error that affected [Auld's] substantial rights." State v. Clark, 83 Hawai'i 289, 304, 926 P.2d 194, 209 (1996). "Prosecutorial misconduct warrants a new trial or the setting aside of a guilty verdict only where the actions of the prosecutor have caused prejudice to the defendant's right to a fair trial." State v. McGriff, 76 Hawai'i 148, 158, 871 P.2d 782, 792 (1994); State v. Marsh, 68 Haw. 659, 661, 728 P.2d 1301, 1303 (1986).

"This court evaluates claims of improper statements by prosecutors by first determining whether the statements are improper, and then determining whether the misconduct is harmless." State v. Tuua, 125 Hawai'i 10, 14, 250 P.3d 273, 277 (2011).

> An opening statement merely provides an opportunity for counsel to advise an outline for the jury, the facts and questions in the matter before them. Hence, the purpose of an opening statement is to explain the case to the jury and to outline the proof. It is not an occasion for argument.
> Ordinarily, the scope and extent of the opening statement is left to the sound discretion of the trial judge. However, the trial court should exclude irrelevant facts and stop argument if it occurs. The State should only refer in the opening statement to evidence that it has a genuine good-faith belief will be produced at trial. If improper remarks are made during the opening statement, the test for determining the existence of prosecutorial misconduct in the opening statement is whether the improper remarks prejudicially affected the defendant's substantive rights.

State v. Sanchez, 82 Hawai'i 517, 528, 923 P.2d 934, 945 (App. 1996) (citation, internal quotation marks, and brackets omitted).

"The prosecutor's opening statement in a criminal trial should contain a capsulized version of the evidence that the prosecutor expects to present and the claim that the prosecutor will make with reference to the evidence." 75 Am. Jur. 2d <u>Trial</u> § 432 (2007). Therefore, counsel is permitted to state their theory of the case. <u>See</u> <u>State v. Yamada</u>, 108 Hawai'i 474, 480, 122 P.3d 254, 260 (2005) (noting that defense presented its theories of the case during opening statement).

Upon reviewing the entirety of the State's opening statement, the State provided the jury with a description of the CW's physical appearance and an outline of the CW's expected testimony. Evidence was adduced at trial to support these statements. Counsel "outline[d] for the jury the facts and questions in the matter before them," and explained the case. <u>Sanchez</u>, 82 Hawai'i at 528, 923 P.2d at 945. That is the purpose of the opening statement. <u>Id.</u> In light of the mandate that appellate courts find plain error sparingly and with caution, Auld has not demonstrated that the fairness, integrity, or public reputation of judicial proceedings have been substantially affected.

THEREFORE, IT IS HEREBY ORDERED that the Judgment Conviction and Sentence filed August 1, 2013, in the Circuit Court of Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, January 27, 2015.

On the briefs:

Benjamin E. Lowenthal
(Law Office of Philip H. Lowenthal)
for Defendant-Appellant

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge

7